## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE MARZANO | ) | FILED: APRIL 30, 2009 |
| Plaintiff, | ) | 09CV2642 |
| | ) | JUDGE GUZMAN |
| v. | ) | MAGISTRATE JUDGE KEYS |
| | ) | BR |
| COOK COUNTY SHERIFF | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff alleges:

### JURISDICTION AND VENUE

1. This is a civil action against the Cook County Sheriff for its wrongful discharge of Michele Marzano in violation of the Americans with Disabilities Act (42 U.S.C.A. §§ 12101 et seq.) when it wrongfully discharged Michele Marzano in violation of federal law.

2. Venue in the Eastern Division of the Northern District of Illinois is proper under 28 U.S.C.A. § 1391(a). This is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3. Defendant is not a federal governmental agency, and Plaintiff has filed a charge against the Defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission on April 16, 2008, a copy of which is attached hereto as Exhibit A. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The Plaintiff has no reason to believe that this policy was not followed in this case.

4. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue which was received by the plaintiff on February 4, 2009, a copy of which is attached hereto as Exhibit B.

### PARTIES

5. Plaintiff is a citizen of the United States and a resident of Lake In the Hills, Illinois.

6. Defendant, Cook County Sheriff is a department of Cook County Illinois a corporate body politic created under the laws of Illinois and located in the Eastern Division of the Northern District of Illinois, and at all times pertinent to this action, the Cook County Sheriff has been engaged in an industry affecting commerce and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar

year. Additionally, Defendant, at all times pertinent to this action, was the employer of Plaintiff.

## CLAIM FOR RELIEF

7. On or about November 16, 1978, Plaintiff was hired by Defendant as a correctional officer.

8. Plaintiff was diagnosed with Scoliosis in 1969 and also suffered from degenerative disc disease.

9. When Plaintiff applied for a job as correctional officer she notified Defendant of her disability. At the time Plaintiff was hired her condition did not affect her job.

10. In 2001 and 2002, Plaintiff began experiencing the effects of the Scoliosis.

11. In 2005, while sitting at her desk at work, Plaintiff experienced severe pain in her left arm and hand and had shortness of breath. Plaintiff was taken by ambulance to Mount Sinai Hospital for treatment.

12. Later that year while at work, Plaintiff experienced the same symptoms and in addition was suffering from migraine headaches and high blood pressure. Plaintiff was taken to Mount Sinai Hospital and later transferred to Lutheran General Hospital for treatment.

13. As a result of the second episode, Plaintiff went to see her general practice physician to determine the cause of her medical problems. The doctor found that the Scoliosis had worsened and the Plaintiff had five herniated discs.

14. Plaintiff was referred to an orthopedic surgeon, Dr. Perlmutter of Good Shepherd Hospital with whom she met on May 24, 2006.

15. In June of 2006, Plaintiff applied for disability.

16. As a result of missing work due to her disability, Defendant recommended that Plaintiff receive 13,15 and 29-day suspensions, but Plaintiff was never asked to serve the suspensions.

17. Plaintiff filed a grievance under her union collective bargaining agreement as a result of the recommended suspensions, but never received a hearing.

18. On July 12, 2006, Plaintiff was permanently suspended by the Cook County Sheriff for missing work.

19. On January 9, 2007 surgery to repair Plaintiff's herniated discs took place.

20. After surgery, Plaintiff attended physical therapy three times a week for six weeks.

21.    In September of 2007,  Plaintiff was placed on disability status.

22.    As of November 2007 and because of successful surgery and physical therapy, Plaintiff's symptoms had alleviated.

23.    On January 24, 2008, Plaintiff was terminated from her employment by the Plaintiff effective July 12, 2006, in violation of the ADA due to her disability. ADA § 102(a) (42 U.S.C.A. § 12112(a)).

24.    Defendant  failed to make reasonable accommodations to the known physical limitations of Plaintiff and refused to  consider any medical evidence in making the determination to terminate Plaintiff from her employment.

25.     Prior to her termination, Plaintiff was an employee of the Defendant, Cook County Sheriff under ADA § 101(4) (42 U.S.C.A.  § 12111(4)).

26.    Plaintiff is a qualified individual within the meaning of ADA § 101(8) (42 U.S.C.A.  § 12111(8)) in that she has a disability - Scoliosis.

27.     Prior to and at the time of her termination, Plaintiff was qualified for employment as a correctional officer of the Defendant, Cook County Sheriff.

28.    As a result of Defendant's actions, Plaintiff has been damaged by the Cook County County Sheriff in violation of the ADA in as much as Plaintiff, Michele Marzano

(a) has been without a job since July 12, 2006;
(b) has been denied access to certain employment benefits including full pension benefits that she would otherwise be entitled.

WHEREFORE, Plaintiff requests that judgment be entered in her favor in an amount to be determined at trial encompassing back pay, attorneys' fees, costs, and such other amounts as deemed appropriate. In addition, Plaintiff requests this Court to order Defendant to reinstate her in her former position with all benefits to which she is entitled.

Respectfully submitted,

/s/Dale M. Golden
Dale M. Golden
Law Office of Dale M. Golden
25 E. Washington Street, Suite 1400
Chicago, IL 60602

Attorney for Plaintiff

Dated: April 29, 2009